In the Matter of the Judicial Settlement of the Estate of JAMES L. COLLARD, deceased.

*(Surrogate's Court, Orange County, Filed November 2, 1891.)*

EXECUTORS AND ADMINISTRATORS—PROPERTY SET APART FOR WIDOW—LAWS 1889, CHAP. 406.

Where the personal property is not sufficient to make up the amount required so that the widow may receive a full $1,000, the proceeds of

real property converted by sale under the will cannot be considered as personal property under the statute and used to make up the deficiency. In such case, however, she takes all the personal property free from any charge for debts or expenses of administration.

Judicial Settlement.

C. G. Gill, for executors; George H. Decker, for widow.

COLEMAN, S.—James L. Collard died August 30, 1889, leaving a will which has been admitted to probate. At the time of his death he was the owner of a farm which has since been sold by the executors for $4,062.50. The farm was subject to a mortgage for $1,000 which was signed by his widow. Deceased also had about $300 of personal property. The deceased left a widow, who was childless, but children by a former marriage survived him.

The question now to be determined is what are the rights of the widow under chap. 406, Laws of 1889.

Section 1 of that act, giving $1,000 to the widow from the estate of the deceased does not apply in this case, the deceased not having died intestate.

In ascertaining the rights of the widow under the provisions of section 2 of the act, following the rule laid down in the Matter of Daggett, 29 St. Rep. 864, which was affirmed in General Term and reported in 37 id. 810, overruling the decision in the Matter of Steward, 30 id. 438, we must ascertain the present value of her dower, which is $307.41, and to this must be added the $150 given her by statute, making together the sum of $457.41. To this latter sum must be added, from the personal property, $542.59, to make up the required sum of $1,000, if there is so much, or, if there is not so much, what remains.

The personal property is not sufficient to make up the amount required so that the widow may receive a full $1,000. And this raises the further question whether the conversion of the real estate into personalty by the sale under the will makes the proceeds of the sale personal property within the meaning of the act.

I think not. The amount to be set apart from the personal property to make up the $1,000 is to be ascertained and set apart by the appraisers, whose acts relate only to property as it was left by deceased. The deceased could not direct a conversion of the real into personalty which would defeat the dower, and being considered real for the purposes of the dower it cannot at the same time be considered personal for the purposes of the act. The rights given the widow by this act are received by her independently of the will, and they are therefore to be determined by the nature and character of the property before being affected by the will. In this case the widow therefore has no claim to the proceeds of the sale of the real estate other than the value of her dower right; she, however, takes all the personal property free from any charge for debts or expense of administration. Matter of Daggett, *supra*.